| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------X<br>:<br>AVNER MALOUL and ALLEN LOWY, :<br>:<br>                             Plaintiffs, :<br>:<br>               v. :<br>:<br>NEW COLOMBIA RESOURCES, INC., :<br>:<br>                             Defendant. :<br>:<br>------------------------------------------------------X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: August 8, 2018<br><br>15 Civ. 8710 (KPF)<br><br>OPINION AND ORDER |

KATHERINE POLK FAILLA, District Judge:

This case has seen spurts of activity since it was first filed in 2015. The litigation has spanned, among other proceedings, an unsuccessful application for default judgment, discovery, an earlier round of summary judgment practice, and preparation for a bench trial that was adjourned at the proverbial eleventh hour. By this point, one would be forgiven for thinking that the parties would have complete recall of the events preceding this litigation. But in January of this year — over two years after filing the Complaint — Plaintiffs Avner Maloul and Allen Lowy[1] brought to the Court's attention documents from a prior case that they had filed in this District, which documents made clear

---

[1] As the Court noted in its prior summary judgment opinion, Plaintiff Lowy is representing himself *pro se* and Plaintiff Maloul as Maloul's counsel. Normally, the Court is obligated to construe *pro se* pleadings broadly, and interpret them to raise the strongest arguments that they suggest. *See McNaughton* v. *de Blasio*, No. 14 Civ. 221 (KPF), 2015 WL 468890, at *4 (S.D.N.Y. Feb. 4, 2015) (citing *Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), *aff'd*, 644 F. App'x 32 (2d Cir. 2016) (summary order)). However, because Plaintiff is an attorney, he is "not entitled to liberal construction of his pleadings." *Id.* (citing *Tracy* v. *Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010); *Holtz* v. *Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (noting that *pro se* attorneys typically cannot claim the special consideration extended to other *pro se* parties)).

that a final order of dismissal had previously been entered as to an entity then known as VSUS Technologies, Inc., and now known as New Colombia Resources, Inc. — the defendant in this case. Plaintiffs do not dispute that the claims they raised in the earlier litigation, involving Defendant's failure to repay certain loans that Plaintiffs extended to Defendant, are the same claims they pursue in this litigation. Defendant thus moves for summary judgment a second time, arguing that the final judgment entered in the earlier litigation bars this second action, and that Plaintiffs' claims are time-barred. The Court agrees and grants the motion.

## BACKGROUND[2]

### A. Factual and Procedural Context

Plaintiffs initiated this action on November 5, 2015 (Dkt. #1), but, as is crucial to the instant motion, this was not Plaintiffs' first effort to litigate the claims at issue. The Court has previously outlined the underlying dispute in this action in ruling on Defendant's prior motion for summary judgment. *See Maloul* v. *New Colombia Res., Inc.* ("*Maloul I*"), No. 15 Civ. 8710 (KPF), 2017 WL

---

[2] Given the subject matter of the instant motion, this Opinion draws its facts primarily from docket entries in this case and a related case, *Maloul* v. *Berkowitz*, No. 07 Civ. 8525 (LBS/KPF) (the "First Action"). The Court also refers to transcripts of hearings in this Court held on June 30, 2016 ("Default Hearing Tr." (Dkt. #17)), and February 2, 2018 ("Rule 60 Mot. Tr." (07 Civ. 8525, Dkt. #74)). In addition, for ease of reference, the Court refers to Defendant's Memorandum of Law in Support of its Motion for Summary Judgment as "Def. Br." (Dkt. #58), and Plaintiffs' Memorandum of Law in Opposition to the Motion for Summary Judgment as "Pl. Opp." (Dkt. #60).

As an initial matter, Plaintiffs are correct that Defendant failed to submit a Statement of Material Facts in accordance with Local Civil Rule 56.1. (*See* Pl. Opp. 2). But because the relevant facts are drawn primarily from publicly available docket entries, the Court exercises its discretion to overlook Defendant's failure to comply with Local Civil Rule 56.1. *See Holtz* v. *Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001).

2992202, at *1-2 (S.D.N.Y. July 13, 2017). Given the Court's prior account of the background facts, and because the instant motion depends more on the procedural histories of this case and a prior related action, the Court will not provide a comprehensive factual background here. Suffice to say that from 2003 into 2005, Plaintiffs made a number of loans to Defendant for which Plaintiffs allege they were never repaid. *Id.*

This Court's prior summary judgment opinion concluded that Plaintiffs had filed their contract claims beyond New York's statute of limitations. *Maloul I*, 2017 WL 2992202, at *1-2. But based on Plaintiffs' allegation that their "delay in prosecuting this action was caused entirely by Defendant's deception, … by hiding, changing its address, and even changing its company name and industry," the Court found a triable issue of fact as to whether Plaintiffs' claims were saved by the doctrine of equitable estoppel. *Id.* at *7-8 (citation omitted). The Court accepted these allegations at the time, but more recent events have shed additional light on Plaintiffs' diligence.

**B. The Default Judgment Hearing**

On June 30, 2016, after Defendant had been served but before it had answered or otherwise responded to the Complaint, the Court held a hearing on Plaintiffs' application for default judgment against Defendant. (*See* Dkt. #11, 17). Given the case's procedural posture, as well as Plaintiffs' allegations stemming from transactions that had occurred more than 10 years before the filing of the Complaint, the Court's inquiry at the hearing focused on Plaintiffs' delay in filing suit as much as Defendant's failure to timely respond to the

3

action. Plaintiff Lowy explained that Plaintiffs had brought a previous federal action (the "First Action") against "the predecessor company to New Colombia [Resources, Inc.]," known as "VSUS Technologies[.]" (Default Hearing Tr. 13:18-22, 15:4-6). Although Lowy could not recall the exact year in which Plaintiffs filed the First Action, he maintained that it was within the statute of limitations and that Plaintiffs effected service on VSUS Technologies by serving the Secretary of State within the company's state of incorporation. (*See id.* at 13:24-14:3). Lowy also explained that the First Action, which involved multiple defendants, eventually settled, and that although Plaintiffs "could never find VSUS [Technologies]," the "case eventually was discontinued in 2011." (*Id.* at 14:3-8).

According to Lowy, Plaintiffs later discovered that VSUS Technologies had changed its name to New Colombia Resources, Inc., but continued to be "the same company." (Default Hearing Tr. 14:23-15:1). What is more, Plaintiffs discovered that New Colombia owned significant assets in Florida. (*Id.* at 15:22-16:1). Plaintiffs thus brought this litigation in 2015 on the theory that the statute of limitations would be tolled "at the point where the [First Action] discontinued in 2011[.]" (*Id.* at 17:5-12). The Court noted that this was the first time it had received word of the First Action, and expressed doubt that its discontinuance would toll the statute of limitations. (*Id.* at 17:21-25). In any event, the Court denied the application for default judgment (*id.* at 25:18-20), and until the eve of trial, the parties made no further motions or

4

other submissions that so much as mentioned a prior litigation between the same parties.

## C. The Request for an Adjournment of Trial

After the Court denied Defendant's first motion for summary judgment, it set trial for February 5, 2018. (Dkt. #43). On January 4, 2018, however, Plaintiffs sought to adjourn the trial for 90 days "to make a motion to reopen the First Action[.]" (Dkt. #44). Plaintiffs' submission provided further details of the First Action that were heretofore unknown to the Court, including its docket number and prior judge. The First Action had been filed on October 2, 2007, against a number of entities including Defendant, which at that time, as suggested at the default judgment hearing, was incorporated under the name VSUS Technologies, Inc. ("VSUS"). (Dkt. #44; *see also Maloul* v. *Berkowitz*, No. 07 Civ. 8525 (LBS/KPF)). Plaintiffs do not dispute that the prior lawsuit alleges breaches of the same notes at issue here. (*See* 07 Civ. 8525, Dkt. #36 at ¶¶ 18-68 (Second Am. Compl.)).

Plaintiffs' request for an adjournment of trial was based on the theory that the First Action had been terminated as to VSUS as a consequence of a "clerical error." (Dkt. #44). Specifically, Plaintiffs explained that on December 13, 2010, they had entered into a stipulation of discontinuance with two of the defendants in that action, and on May 4, 2011, they had entered a second stipulation of discontinuance (the "Second Discontinuance Stipulation"), which was signed by four additional defendants. (*See* Dkt. #44; 07 Civ. 8525, Dkt. #62, 66). VSUS was a signatory to neither stipulation, yet

5

when the court approved the Second Discontinuance Stipulation, the Clerk of Court terminated the case in full.

In spite of Plaintiffs' present characterization of the termination of the first action as a "clerical error," the Second Discontinuance Stipulation made clear that it purported to terminate the action "with prejudice," without regard to the parties whose counsel signed the stipulation. It reads,

> IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for the plaintiffs *and the remaining defendants*, Ivan Berkowitz, Great Court Capital, LLC and SD Partners, LLC, in the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, *the above-entitled action be, and the same hereby is discontinued, with prejudice and without costs to either party as against the other.*

(07 Civ. 8525, Dkt. #66 (emphases added)). By contrast, the earlier stipulation had dismissed the action "only" as to those defendants whose counsel signed the stipulation:

> IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for the plaintiffs and defendants, JEFFREY RINDE and HODGSON RUSS LLP, in the above-entitled action, that the above-entitled action be, and the same hereby *is discontinued as to defendants, JEFFREY RINDE and HODGSON RUSS LLP, only*, with prejudice and without costs to either party as against the other.

(07 Civ. 8525, Dkt. #62 (emphasis added)).

Given the language of the Second Discontinuance Stipulation, the Court denied Plaintiffs' request to adjourn the trial, noting that the termination of the First Action "did not involve a clerical error that might form the grounds for a

6

motion for relief from judgment under Federal Rule of Civil Procedure 60(a)." (Dkt. #45). The Court also explained that Plaintiffs' only other potential avenue for relief from judgment would be under Rule 60(b), but under Rule 60(c)(1), Plaintiffs would have had to have filed a Rule 60(b) motion "within 'a year after the entry of the judgment' or 'within a reasonable time'"; "[g]iven that the judgment [in the First Action] was entered over six years ago and that Mr. Lowy admit[ted] that he has been aware of the judgment since 2014," the Court opined that "no court within this District would find such a motion timely." (Dkt. #45).

**D. The Request for Relief from Judgment in the First Action**

Undeterred, Plaintiffs filed a letter with the Chief Judge of the United States District Court for the Southern District of New York,[3] seeking to reopen the First Action based on the theory that it had been terminated as a result of a "clerical error." (Dkt. #46). The Chief Judge reopened the case and reassigned it to this Court for the "limited purpose" of determining whether the case should be reopened against the defendants in the First Action who had signed neither stipulation of discontinuance. (Dkt. #47).

After accepting the case as related to the instant action, the Court set a briefing schedule for Plaintiffs' motion for relief from judgment and scheduled a hearing on the motion. (Dkt. #48). At the hearing, the Court focused on the language of the Second Discontinuance Stipulation as well as the time period

---

[3] The First Action had been assigned to the late United States District Judge Leonard B. Sand.

7

between the termination of the First Action and the commencement of this litigation. In response to the Court's questioning, Plaintiffs argued that the Second Discontinuance Stipulation should not have caused the action to be terminated in its entirety, but only as to those defendants whose counsel signed the stipulation. (Rule 60 Motion Tr. 3:22-4:22).

Plaintiffs acknowledged, however, that despite having effected valid service on VSUS, they did not pursue further action against that entity — before or after the issuance of the Second Discontinuance Stipulation — because they had "already spent a lot of money pursuing [VSUS] and at that point, believing they were out of business, they were defunct," and Plaintiffs believed they "could never find them." (Rule 60 Motion Tr. 8:4-7). Plaintiffs admitted, however, that they never considered pursuing a default judgment against VSUS, despite proof that the company was aware of the First Action in which it was a named defendant. (*Id.* at 8:21-9:4). Plaintiffs maintain that it was not until 2014, when they "discovered that the company [VSUS] still exists [as New Colombia Resources, Inc.]," at which point they "looked at the docket [in the First Action,] saw that it was terminated," and filed the complaint in the instant action. (*Id.* at 11:21-25). Plaintiffs did not seek to have the instant case marked as related to the First Action, and refrained for a period of years from seeking the reopening of that earlier case. Indeed, Plaintiffs acknowledged that they had not considered the First Action to have been terminated "in error" until preparing for trial in the instant case. (*Id.* at 15:8-10).

**E.     The Court's Resolution of the Request for Relief**

After hearing from both parties, the Court denied Plaintiffs' motion for relief from judgment in the First Action, based primarily on (i) the language of the Second Discontinuance Stipulation and (ii) the fact that Plaintiffs had exerted no effort after the entry of the Second Discontinuance Stipulation to seek further relief against VSUS until years after the First Action had been terminated. (Rule 60 Motion Tr. 35:13-37:15). Given Plaintiffs' stated intention to appeal the Court's ruling in the First Action and Defendant's stated intention to move for summary judgment based on the revelations in this action, the Court adjourned the trial *sine die* and set a briefing schedule for Defendant's summary judgment motion. (*See id.* at 45:11-47:15; Dkt. #49).[4] In accordance with the Court's scheduling order, on February 23, 2018, Defendant moved for summary judgment (Dkt. #50, 58), and Plaintiffs opposed the motion on March 23, 2018 (Dkt. #53-55, 59-60). Having received no reply from Defendant, the motion is ripe for the Court's consideration.

# DISCUSSION

**A.     Summary Judgment Under Federal Rule of Civil Procedure 56**

Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.* v. *Catrett*, 477 U.S. 317, 322 (1986); *Anderson* v. *Liberty*

---

[4]     Plaintiffs filed a notice of appeal in the First Action on March 1, 2018. (07 Civ. 8525, Dkt. #76). *See Maloul* v. *Berkowitz*, No. 18-593 (2d Cir.).

*Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation omitted). A fact is "material" if it "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248.

While the moving party "bears the initial burden of demonstrating 'the absence of a genuine issue of material fact,'" *ICC Chem. Corp.* v. *Nordic Tankers Trading a/s*, 186 F. Supp. 3d 296, 301 (S.D.N.Y. 2016) (quoting *Catrett*, 477 U.S. at 323), the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co.* v. *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Brown* v. *Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Parks Real Estate Purchasing Grp.* v. *St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006) (quoting Fed. R. Civ. P. 56(e)).

"When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc.* v. *CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003). In considering "what may reasonably be inferred" from evidence in the record, however, the court should not accord the non-moving party the benefit of "unreasonable inferences, or inferences at war with undisputed facts." *Berk*

10

v. *St. Vincent's Hosp. & Med. Ctr.*, 380 F. Supp. 2d 334, 342 (S.D.N.Y. 2005) (quoting *Cty. of Suffolk* v. *Long Island Lighting Co.*, 907 F.2d 1295, 1318 (2d Cir. 1990)). Moreover, "[t]hough [the Court] must accept as true the allegations of the party defending against the summary judgment motion, ... conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Kulak* v. *City of N.Y.*, 88 F.3d 63, 71 (2d Cir. 1996) (internal citation omitted) (citing *Matsushita,* 475 U.S. at 587; *Wyler* v. *United States,* 725 F.2d 156, 160 (2d Cir. 1983)); *accord Hicks* v. *Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

**B.     The Doctrine of Claim Preclusion Bars Plaintiffs' Claims**

Defendant contends that by virtue of the judgment entered in the First Action, the doctrine of claim preclusion bars Plaintiffs' claims in the instant action. (*See* Def. Br. 16-20). The operative complaint in the First Action invoked federal-question jurisdiction (*see* 07 Civ. 8525, Dkt. #36); the Court therefore applies federal common law to determine whether claim preclusion bars Plaintiffs' claims in the instant action. *See Taylor* v. *Sturgell*, 553 U.S. 880, 892 (2008) ("For judgments in federal-question cases ... federal courts participate in developing 'uniform federal rule[s]' of res judicata." (ellipsis in original) (citation omitted)); *Wyly* v. *Weiss*, 697 F.3d 131, 140 (2d Cir. 2012) ("The preclusive effect of a federal court's judgment issued pursuant to its federal-question jurisdiction is governed by the federal common law of preclusion.").

"Under claim preclusion, a final judgment bars 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Lefkowitz* v. *McGraw-Hill Glob. Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 358 (S.D.N.Y. 2014) (quoting *Taylor,* 553 U.S. at 892). A defendant invoking claim preclusion as an affirmative defense must show that (i) "the previous action involved an adjudication on the merits;" (ii) "the previous action involved the plaintiffs or those in privity with them"; and (iii) "the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan* v. *N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

Under this standard, the claims Plaintiffs pressed against VSUS in the First Action foreclose the claims that Plaintiffs now bring against Defendant. Although Plaintiffs contend that Defendant lacks "standing" to rely on the Second Discontinuance Stipulation because Defendant was not a signatory to that document (*see* Pl. Opp. 2), Plaintiffs do not dispute that the parties to this litigation were parties to the First Action. Plaintiffs would be hard-pressed to make such an argument: The Complaint in this action recites that Defendant, New Colombia Resources Inc., "was originally known as VSUS Technologies." (Compl. ¶ 6). Nor do Plaintiffs dispute that the claims in this litigation are the same as those underlying the First Action. Indeed, Plaintiff Lowy represented that after he "saw [that the First Action was] terminated," Plaintiffs brought this action in an effort to "immediately … pursue [their] rights" under the notes at issue in the First Action. (Rule 60 Hearing Tr. 15:2-7).

12

Plaintiffs' opposition to Defendant's motion thus focuses on whether the termination of the First Action "involved an adjudication on the merits." *Monahan*, 214 F.3d at 285. Plaintiff contends that "no evidence" in the record establishes that the First Action was resolved "on the merits." (Pl. Opp. 2). But where, as here, parties choose to dispose of a case by entering a stipulation of dismissal *with prejudice*, the stipulation constitutes a final judgment for the purposes of claim preclusion. *Marvel Characters, Inc.* v. *Simon*, 310 F.3d 280, 287 (2d Cir. 2002).

Moreover, although VSUS may not have been a signatory to the Second Discontinuance Stipulation, that Stipulation had the effect of terminating the action in full, and as the Second Circuit has made clear, "a stipulation of dismissal 'with prejudice' as to a pending action is unambiguous" and is "a final adjudication on the merits for *res judicata* purposes on the claims asserted or which could have been asserted in the suit." *Israel* v. *Carpenter*, 120 F.3d 361, 365 (2d Cir. 1997) (quoting *NBI Broad., Inc.* v. *Sheridan Broad. Networks, Inc.*, 105 F.3d 72, 78 (2d Cir. 1997)). The language of the Second Discontinuance Stipulation is similarly unambiguous: Instead of the explicit limitations in the first stipulation of discontinuance, Plaintiffs agreed that as to "the remaining defendants," the action would be "discontinued, with prejudice and without costs to either party as against the other." (07 Civ. 8525, Dkt. #66).

Even assuming — contrary to the Court's prior decision denying Plaintiffs' motion for relief from judgment — that the First Action had been

terminated in error, claim preclusion would still require dismissal of Plaintiffs' claims in this action. Insofar as Plaintiffs repeat the argument that the judgment in the First Action should not have resulted in terminating the case in full, such alleged error "is not open to collateral attack, but can be corrected only by a direct review [of the First Action] and not by bringing another action upon the same cause [of action]." *Federated Dep't Stores, Inc.* v. *Moitie*, 452 U.S. 394, 398 (1981) (second alteration in original) (quoting *Baltimore S.S. Co.* v. *Phillips*, 274 U.S. 316, 325 (1927)); *see also NAS Elecs., Inc.* v. *Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 145 (S.D.N.Y. 2003) (noting that plaintiffs bringing successive suits that were barred by claim preclusion "could have appealed the prior federal judgment," but "[h]aving failed to do so, that judgment is now final and precludes the plaintiffs from raising in this action the claim … that could have been and indeed was raised in the prior lawsuit"). As noted, Plaintiffs have appealed the Court's denial of their motion for relief from judgment in the Prior Action; to hold today that the judgment in that action was not on the merits would produce the absurd result of holding, in effect, that the judgment would not have been final and appealable. *See In re Agent Orange Prod. Liab. Litig.*, 745 F.2d 161, 163 (2d Cir. 1984) ("The final judgment rule … requires 'that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits[.]'" (quoting *Firestone Tire & Rubber Co.* v. *Risjord*, 449 U.S. 368, 374 (1981)).

The judgment in the First Action resulting from the Second Discontinuance Stipulation was a judgment on the merits. Accordingly, under

14

the doctrine of claim preclusion, the First Action bars the instant litigation from proceeding any further.

**C.     Plaintiffs Are Not Entitled to Equitable Tolling and Their Claims Are Therefore Untimely as a Matter of Law**

Even if claim preclusion did not bar Plaintiffs' current suit, Plaintiffs' claims would be barred by the applicable statute of limitations. The Court's prior summary judgment opinion held that "[a]t latest … , Plaintiffs' claims accrued in April of 2006"; New York's six-year statute of damages for breach-of-contract actions therefore required Plaintiffs to file their claims no later than April 2012, rendering Plaintiffs' claims "untimely as a matter of law." *Maloul I*, 2017 WL 2992202, at *7 (citing *Muto* v. *CBS Corp.*, 668 F.3d 53, 57 (2d Cir. 2012)). Yet despite Plaintiffs' untimely filing, the Court ruled that it could not find as a matter of law that Plaintiffs' claims were not saved by the doctrine of equitable estoppel. *Id.* at *7-8. This was based on the parties' competing contentions, supported by "sparse testimonial evidence," of the cause of Plaintiffs' delay in filing this action; Plaintiffs contended that it was a result of "Defendant's deception," while Defendant contended "the delay was caused by Defendant's assignment and repayment of the contracts." *Id.* at *8. It is now clear that the parties knew much more than they wished to share with the Court. Given the recent advances in the factual record, the Court can no longer find a triable issue of fact on this issue, as Plaintiffs had previously effected service on, and had the ability to obtain a default judgment against, the very entity that Plaintiffs allege shirked its duties under the notes at issue.

15

Under New York law,[5] equitable estoppel renders the statute of limitations unavailable as an affirmative defense to claims filed after the statute of limitations as a result of a defendant's "affirmative wrongdoing," consisting of "deception, fraud or misrepresentations" on which the plaintiff reasonably relied. *Putter* v. *N. Shore Univ. Hosp.*, 7 N.Y.3d 548, 552-53 (2006). "A plaintiff seeking to apply the doctrine of equitable estoppel must 'establish that subsequent and specific actions by defendants somehow kept [him or her] from timely bringing suit.'" *Id.* (alteration in original) (quoting *Zumpano* v. *Quinn*, 6 N.Y.3d 666, 673 (2006)).

Here, the Court is no longer willing to apply this "extraordinary remedy." *Twersky* v. *Yeshiva Univ.*, 993 F. Supp. 2d 429, 442 (S.D.N.Y. 2014) (citation omitted), *aff'd*, 579 F. App'x 7 (2d Cir. 2014) (summary order). Plaintiffs cannot plausibly maintain that Defendant engaged in any wrongdoing that allowed the company to evade suit — Plaintiffs do not dispute that they not only previously filed suit against Defendant, but also served Defendant, albeit under a different corporate name, well within the statute of limitations. (*See, e.g.*, Default Hearing Tr. 13:18-14:3). Had Plaintiffs persisted in the First Action, they might have obtained a default judgment against Defendant, but they elected not to do so, "because," in Plaintiffs' view, "it would have meant

---

[5] As was the case in the prior round of summary judgment briefing, the parties do not dispute that New York law controls the Court's analysis on this issue. (*See, e.g.*, Def. Br. 11; Pl. Opp. 5-7). In addition, "[t]he Court does not distinguish between equitable tolling and equitable estoppel here because 'New York law does not distinguish between the doctrines and applies the same analysis' if either doctrine is implicated." *Maloul I*, 2017 WL 2992202, at *5 n.6 (quoting *Corp. Trade, Inc.* v. *Golf Channel*, 563 F. App'x 841, 841-42 (2d Cir. 2014) (summary order)).

16

spending money and energy, money which [Plaintiffs] didn't have." (Rule 60 Hearing Tr. 8:21-25).

On this record, Defendant cannot be said to have engaged in "specific actions" that "somehow kept [Plaintiffs] from timely bringing suit," as Plaintiffs had done just that without any impediment to pursuing the suit to final judgment. *Putter*, 7 N.Y.3d at 552 (quoting *Zumpano*, 6 N.Y.3d at 673). Thus, as an additional basis for granting Defendant's motion for summary judgment, Plaintiffs' claims are barred under the applicable statute of limitations.

## CONCLUSION

For the reasons above, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: August 7, 2018
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge